UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN W. SAATIO,

    Petitioner,

v.                                                     Case No. 3:19cv1614-RV-HTC

SECRETARY DEPARTMENT OF CORRECTIONS,

    Respondent.

_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's motion to dismiss Petitioner John W. Saatio's *pro se* petition for habeas corpus relief under 28 U.S.C. § 2254. ECF Doc. 18. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review of the petition (ECF Doc. 1), the motion to dismiss, the relevant state court documents, and Petitioner's response (ECF Doc. 21), the undersigned recommends the motion to dismiss be GRANTED and the Petition be DISMISSED without an evidentiary hearing as UNTIMELY.

Saatio is an inmate of the Florida Department of Corrections, currently incarcerated at the Okaloosa Correctional Institution ("Okaloosa CI"). The instant petition challenges a 2016 conviction and sentence from Santa Rosa County in case

number 2016-CF-970, for escaping from prison and raises three grounds: (1) the trial court erred in applying Florida's escape statute to Saatio because he was in federal, not Florida, custody when he escaped; (2) his escape was justified by self-defense because of repeated death threats from the lead transport officer; and (3) defense counsel was ineffective in misadvising the defendant to enter an open plea of guilty. The petition was filed on May 30, 2019, the date it was provided to Okaloosa CI officials[1], and the Secretary has moved to dismiss the petition as untimely under the Anti–Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2241 *et seq*. ECF Doc. 18.

## I. AEDPA's ONE-YEAR STATUTE OF LIMITATIONS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the AEDPA, a § 2254 petition must be filed within one-year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] Additionally, the one-year time period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

---

[1] *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

[2] Although there are other "trigger" dates under the AEDPA, none of those apply here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

Case No. 3:19cv1614-RV-HTC

For a post-conviction motion to toll the AEDPA time limit, it must be "properly filed." 28 U.S.C. § 2244(d)(2). To be "properly filed," the motion must be timely filed. "'[T]ime limits, no matter their form, are 'filing' conditions,' and . . . a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1351 (11th Cir. 2018), *cert. denied sub nom. Jones v. Inch*, 139 S. Ct. 1384 (2019) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)).

## II.   DISCUSSION

On July 25, 2016, the State filed an Information charging Saatio with escaping from custody and unlawfully possessing a concealed handcuff key. ECF Doc. 18-1 at 19. Saatio pled *nolo contendere* and was sentenced on November 8, 2016 to fifteen (15) years' imprisonment. *Id.* at 36-42 (Judgment & Sentence in 2016-CF-970). He filed a timely direct appeal with the First DCA (case number 1D16-5192), and the First DCA affirmed, *per curiam* and without written opinion, on May 3, 2017. *Id.* at 100, case number 1D16-5192. Therefore, Saatio's judgment became final under the AEDPA ninety (90) days after May 3, 2017: *i.e.*, on **August 1, 2017**. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (explaining that a judgment of conviction becomes final, for purposes of § 2244(d)(1), upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court, and holding that "the entry of judgment, and not the issuance of the mandate, is the event that starts

the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)").

The AEDPA clock, however, ran for 344 days, then began to be tolled on July 12, 2018, when Saatio filed a motion for post conviction relief under Fla. R. Crim. P. 3.850 in the circuit court of Santa Rosa County. ECF Doc 18-1 at 101.³ The circuit court denied the 3.850 motion on the merits on November 8, 2018. *Id.* at 119. Saatio filed a motion for rehearing on November 20, 2018, *Id.* at 157, which the circuit court denied on December 4, 2018. *Id.* at 166.

Under Florida's appellate rules, Saatio had until January 3, 2019, to file an appeal of the denial of the 3.850 motion. *See Joseph v. State*, 157 So. 3d 546, 547 (Fla. 1st DCA 2015) ("The deadline for filing a notice of appeal [of the denial of 3.850 motion] was 30 days after the date the order was rendered.") (citing Fla. R. Crim. P. 3.850(k); Fla. R. App. P. 9.110(b)). Saatio, however, did not appeal the denial of his 3.850 motion until February 7, 2019. *See* ECF Docs. 18-1 at 168; 18-2 at 1.

On February 19, 2019, the First DCA ordered Saatio to show cause why his appeal should not be dismissed as untimely. ECF Doc. 18-2 at 4. Saatio responded on February 26, 2019, arguing that he had been transferred multiple times and as a

---

³ Although hard to read, the time stamp from Blackwater River prison mail officials, ECF Doc. 18-1 at 101, indicates the 3.850 was delivered on July 12, 2018 and not July 17, 2018 as the Respondent stated in his motion. Thus, 344, rather than 349 days, elapsed between the date the judgment became final and the filing of Petitioner's 3.850 motion.

Case No. 3:19cv1614-RV-HTC

result did not receive notice of the denial of his Rule 3.850 motion until February 11, 2019 and that he is unskilled in the law. *Id.* at 10. On March 15, 2019, the First DCA dismissed the petition, *per curiam* and without explanation. Saatio moved for a written opinion on March 27, 2019, *id.* at 37, but the First DCA denied the motion without explanation on April 30, 2019. *Id.* at 41. The First DCA issued its mandate on May 21, 2019. *Id.* at 43.

As set forth above, at the time Saatio filed his initial 3.850 motion on July 12, 2018, 344 days of the AEDPA one-year clock had expired. The filing of the 3.850 motion tolled the AEDPA clock and the clock remain tolled until December 4, 2018, when the circuit court denied the motion for reconsideration. Although an appeal of the 3.850 denial would have continued to toll the AEDPA limitations period, Saatio's appeal did not because it was untimely filed. *See Evans v. Chavis,* 546 U.S. 189, 191 (2006) (explaining that a claim is pending during "the period between (1) the lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law"); *Neal v. Sec'y Dep't of Corr.,* 271 F. App'x 893, 896 (11th Cir. 2008) (finding that a state prisoner's appeal from a state court's order denying a motion for post-conviction relief did not toll the limitations period, given the state court's determination that the appeal was untimely). Moreover, because Petitioner did not file his appeal until

*after* the AEDPA clock had expired, there was no time left on the clock to toll.[4] "[A]n out-of-time appeal does not revive the time during which no state collateral petition was pending." *Moore v. Crosby,* 321 F.3d 1377, 1379-80 (11th Cir. 2003) (holding that petition for belated appeal, which was filed after the one-year limitation period had already expired and later granted by the state appellate court, could not retroactively toll the one-year limitation period).

In response to the Secretary's motion to dismiss, Saatio does not dispute the appeal was untimely. ECF Doc. 20. Instead, he repeats the argument he made to the First DCA, namely, that he could not comply with the deadlines because he was transferred multiple times and did not receive the December 4, 2018 denial of his motion for rehearing until February 11, 2018. ECF Doc. 21 at 3. Reading Petitioner's response liberally, he appears to be asking the Court to equitably toll the AEDPA deadline. *See id.*

Equitable tolling is appropriate when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Diaz v. Sec'y, Dept. of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004) (quoting *Helton v. Sec'y, Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (internal quotations omitted)). This means the Petitioner must show that the untimeliness of his petition was "both beyond his control and unavoidable even with due diligence." *Johnson*

---

[4] The AEDPA clock began to run again on December 5, 2018, and expired on December 26, 2018, twenty-one (21) days later.

Case No. 3:19cv1614-RV-HTC

*v. United States*, 340 F.3d 1219, 1266 (11th Cir. 2003) (§ 2255 case) (emphasis added). For equitable tolling to apply, the Eleventh Circuit requires "rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005). The petitioner seeking equitable tolling bears the burden of showing that it is warranted. *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Moreover, he must show a causal connection between the alleged extraordinary circumstances and the late filing of his petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

The undersigned does not find such extraordinary circumstances exists here. First, Saatio's claim for equitable tolling was presented to and rejected by the First DCA. *Jones*, 906 F.3d at 1349 (citing *Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003) (when a "state court rule[s] that the Rule 3.850 Motion was untimely . . . [the federal court is] required to defer to that ruling"). Second, Petitioner's contention that he did not learn about the denial of his motion to reconsider is blatantly contradicted by the record. As discussed above, Saatio filed his notice of appeal on February 7, 2019 and, thus, knew before February 11, 2019 that his motion for rehearing had been denied. Third, Saatio has not provided any facts to show how his alleged multiple transfers prevented him from timely appealing his 3.850 motion.

Case No. 3:19cv1614-RV-HTC

To the contrary, Saatio's allegations are merely conclusory.[5]  Therefore, the undersigned agrees with the Secretary that the petition is untimely and recommends that the petition be dismissed.

## III. CONCLUSION

### A. An Evidentiary Hearing Is Not Warranted

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, because the petition is untimely, an evidentiary hearing is not warranted.

### B. Certificate Of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

---

[5] Petitioner also filed a reply to the Court's order giving him thirty (30) days to file a response to the motion to dismiss. In this reply, Petitioner makes the same conclusory allegation that "any and all deficits that may exist" in his post-conviction history are attributable to "multiple transfers." ECF Doc. 20 at 2. Petitioner also contends that he should be excused from any such deficiencies because he has no formal education in the law and must rely on law clerks. The undersigned does not find these to be "extraordinary circumstances" warranting equitable tolling but, rather, circumstances common among *pro se* petitioners.

Case No. 3:19cv1614-RV-HTC

of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Additionally, it is respectfully RECOMMENDED:

1.    That the Secretary's motion to dismiss, ECF Doc. 18, be GRANTED and this case be DISMISSED WITH PREJUDICE as untimely.

2.    That a Certificate of Appealability be DENIED.

3.    That the clerk be directed to close the file.

Case No. 3:19cv1614-RV-HTC

At Pensacola, Florida, this 19th day of May, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.